I .GAIDRY, J.
Defendant/appellant, Louisiana Department of Environmental Quality (DEQ), contests a trial court’s issuance of a writ of mandamus ordering DEQ to review and consider a plan for remedial action submitted on behalf of petitioner/appellee, Doré Energy Corporation (Doré). Following a review of the facts and applicable law, this court affirms.

FACTS AND PROCEDURAL HISTORY

Doré contends that oil and gas exploration by mineral lessees on Doré’s land resulted in the contamination of Doré’s property. Under the aegis of La. R.S. 30:2276(G)(3),[1] Doré presented a document to DEQ entitled “Preliminary Site Conditions and Request for Proposals for CleanUp and Remediation.” DEQ referred the report to the Office of Conservation in the Louisiana Department of Natural Resources (DNR) for review by the Commissioner of Conservation, and stated that it would only review the remediation plan if asked to do so by DNR. Doré sought a *297 writ of mandamus to compel DEQ to review the proposed remediation plan. The trial court rendered judgment making the alternative writ of mandamus peremptory, and DEQ filed this appeal.

DISCUSSION

DEQ does not contest its statutory authority and general responsibility for inactive and abandoned hazardous waste sites pursuant to La. R.S. 30:2225-2226 and La. R.S. 30:2271-2290. La. R.S. 30:2226(A) instructs the Secretary of DEQ to develop a comprehensive evaluation of hazardous waste in Louisiana. Thereafter, in La. R.S. 30:2226(H)(1), the Secretary is directed to “promulgate rules and regulations implementing a comprehensive state inactive and abandoned hazardous 13waste site cleanup program.” La. R.S. 30:2272.1(A)(1)[2] commands DEQ to adopt minimum remediation standards for soil, groundwater, and surface water quality necessary for the remediation of contamination of immovable property. Doré does not contest DEQ’s compliance with these statutory directives.
The legal question with which this court is presented is whether DEQ is subject to a mandatory duty to review an oil-and-gas-related remediation plan initiated by a landowner. On legal issues, the appellate court assigns no special weight to the legal findings of the trial court; rather it exercises its constitutional duty to review questions of law and render judgment on the record. Gravois v. Delta Airlines, Inc., 99-0824, p. 4 (La App. 1 Cir. 5/12/00), 797 So.2d 686, 688, writ denied, 2000-1739 (La.9/15/00), 769 So.2d 545. The issuance of a writ of mandamus must be premised on the failure of a public officer to perform a ministerial duty required by law. La. C.C.P. art. 3863. Doré asserts that DEQ is imbued with a mandatory, non-discretionary duty to review a plan for remediation submitted pursuant to La. R.S. 30:2276(G)(3). We agree.
Louisiana Revised Statutes 30:2276(G) provides:
(1) In furtherance of the purpose of R.S. 30:2275, those participating parties who, after an initial demand is made by the secretary under R.S. 30:2275, agree to clean up the pollution source or facility may, without the institution of a suit by the secretary under R.S. 30:2275, sue and recover from any other nonpartiei-pating party who shall be liable for twice their portion of the remedial costs. The plan for remedial action of the pollution source or facility shall be subject to approval by the secretary upon request by the participating parties. The secretary shall act as expeditiously as possible in approving the plan proposed by the participating parties. Prior to any suit by a participating party for recovery of their portion of the remedial costs, the participating party shall make a written demand on any nonparticipating party they intend to sue requesting payment of that portion the nonparticipating party would be liable for if he participated.
[[Image here]]
(3) In furtherance of the purpose of this Chapter, a person who has incurred remedial costs in responding to a discharge or disposal of |4a substance covered by this Chapter, without the need for an initial demand by the secretary, may sue and recover such remedial costs as defined in R.S. 30:2272(9) from any person found by a court to have performed any of the activities listed in Subsection A if the plan for remedial *298 action was approved by the secretary in advance or, if an emergency, the secretary was notified without unreasonable delay and the secretary accepts the plan thereafter. An action by a person other than the secretary shall not be barred by the failure of the secretary to demand participation in the remediation. Such action shall be barred if the plaintiff does not make written demand on the defendant by certified mail, return receipt requested, at least sixty days prior to initiation of suit based on the cause of action provided in this Subsection. (Emphasis added).
When a law is clear and unambiguous and its application does not lead to absurd consequences, La. C.C. art. 9 provides that the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. When read in conjunction with other provisions of Title 30, La. R.S. 30:2276(G)(3) clearly imposes a duty on the Secretary of DEQ to consider Doré’s plan. The Secretary of DEQ has the discretion to either approve or disapprove Doré’s remediation plan, but the duty to consider it is non-discretionary. This non-discretionary duty does not prevent the Secretary of DEQ from referring the remediation plan to DNR; however, the ultimate responsibility for approving or disapproving the plan remains with the Secretary of DEQ.
Appellant’s assignment of error is without merit. The judgment ordering the issuance of the writ of mandamus is affirmed. Costs associated with this appeal in the amount of $464.53 are to be borne by DEQ.
AFFIRMED.

. La. R.S. 30:2276(G)(3) provides that a person who has incurred remedial costs in responding to a discharge or disposal of a covered substance, without the need for an initial demand by the Secretary, may sue and recover such remedial costs if the plan for remedial action was approved by the secretary in advance.

. Louisiana Revised Statutes 30:2271-2290 are contained in Chapter 12 of Subtitle II (Environmental Quality) entitled “Liability for Hazardous Substance Remedial Action.”